124 N.J. Super. 307 (1973)
306 A.2d 485
WILLIAM ENGEL, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF WOODBRIDGE AND JOSEPH F. McLAUGHLIN, CHIEF OF POLICE OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1973.
Decided June 21, 1973.
Before Judges CARTON, MINTZ and SEIDMAN.
*308 Mr. Robert F. Dato argued the cause for defendants-appellants.
Mr. Thomas J. Savage argued the cause for plaintiff-respondent (Messrs. Dugan, Tucker and Savage, attorneys).
Mr. Robert McCracken, Assistant Prosecutor, argued on behalf of amicus curiae Mr. John S. Kuhlthau, Middlesex County Prosecutor.
PER CURIAM.
The issue in this appeal is whether a police officer can be compelled by his superiors to submit to a polygraph test in connection with an investigation of a theft.
Plaintiff, a member of the Woodbridge Township police department, avers that in May 1972, based upon an anonymous letter, he was interrogated at police headquarters concerning his alleged involvement in the receiving of stolen refrigerators. On June 7, 1972 he received the following order from the chief of police:
This communication is to officially advise you that as the result of an internal Police Department investigation, you and others have been implicated in an alleged theft of several refrigerators from the D.H. Overmyer Co. warehouse in Woodbridge Township. In light of information supplied to me by reliable sources and further considering other corroborating evidence, you are herein ordered to be present at 10:00 A.M. on June 15, 1972, for the purpose of your taking a polygraph examination.
This examination will exclusively concern itself with your alleged involvement or knowledge of involvement by others in the theft of the refrigerators.
Plaintiff then filed a complaint against the Township of Woodbridge and the chief of police for injunctive relief and obtained a temporary restraining order and an order directing defendants to show cause why the restraint "should not be made permanent." On the return day the trial judge granted "a preliminary injunction" on the ground that a polygraph test was not deemed accurate or reliable, and on *309 the further ground that "to compel Mr. Engel as a police officer to submit to a polygraph test is a violation of his rights under the United States and State Constitution against self-incrimination." Apparently there was no plenary hearing.
Defendants appeal from the "Final Judgment of the Court orally rendered on June 26, 1972." However, presumably to formalize the decision, a signed order was filed on March 22, 1973. The parties do not question the procedure that was followed and they have elected to treat the order as a final judgment.
It was conceded at oral argument that plaintiff's refusal to submit to the test would have led to his dismissal from the force.
The thrust of defendants' argument is that a policeman must submit to a lie detector test when ordered to do so by his superiors if the questions to be asked relate directly to his police activities. Plaintiff counters by urging that (1) there is statutory authority against requiring an employee to take or submit to a lie detector test, (2) to require an employee to submit to such test is a violation of his constitutional rights, and (3) the result of a polygraph examination is inadmissible as evidence and unreliable as an investigative aid.
We consider the last point argued irrelevant. See, however, State v. McDavitt, 62 N.J. 36 (1972). The constitutional question is more substantial; but we need not reach the issue of whether compelling a police officer to submit to a polygraph test on the facts here present would infringe upon his constitutional privilege against self-incrimination, or whether it would be a proper investigative procedure relevant to the police officer's discharge of his official duties. See Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968).
We believe that N.J.S.A. 2A:170-90.1 supports plaintiff's refusal to take the test. It provides:
*310 Any person who as an employer shall influence, request or require an employee to take or submit to a lie detector test as a condition of employment or continued employment, is a disorderly person.
The statute sets forth the present public policy of this State on the subject. Although we have found no reported case in which it has been subjected to appellate review, we are convinced the statute is applicable here and bars defendants from compelling plaintiff to submit to a polygraph test, particularly in view of the concession that his refusal to do so would have led to his dismissal. It is unlawful for defendants, as plaintiff's employer, to require him to take or submit to the test as a condition of continued employment. See State v. Community Distributors, Inc., 123 N.J. Super. 589 (Cty. Ct. 1973).
The fact that a police officer is involved here is immaterial. The statute contains no exclusions and the court has no power to create any. If the Legislature had intended to exempt employers of police officers it would have clearly so stated. Male v. Pompton Lakes Mun. Util. Auth., 105 N.J. 348, 358 (Ch. Div. 1969). See also Parking Auth. of Trenton v. Trenton, 40 N.J. 251, 257 (1963); State v. Community Distributors, Inc., supra.
The judgment is affirmed.